```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                              Case No. 17-04788-RNO
James R Weller                                                      Chapter 7
Natalie S Weller
         Debtors                    **CERTIFICATE OF NOTICE**

District/off: 0314-1          User: admin              Page 1 of 1          Date Rcvd: Feb 22, 2018
                              Form ID: 318             Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 24, 2018.
```
db/jdb         +James R Weller,    Natalie S Weller,    1258 Ridge Road,    Port Royal, PA 17082-7422
4993950         Capital One (USA), N.A.,    P.O. Box 71083,    Cashiers, NC 28717-1083
4993951         Cargill Animal Nutrition,    PO Box 419333,    Boston, MA 02241-9333
4993952         Chase,   PO Box 1423,    Charlotte, NC 28201-1423
4993954        +Corning Credit Union,    1 Credit Union Place,    Corning, NY 14830-2897
4993955        +Farm Service Agency,    146 Stoney Creek,    DR Suite 1,    Mifflintown, PA 17059-8097
4993956        +Hart Brothers,    472 Leonard Hill Road,    Mc Alisterville, PA 17049-8420
4993957        +Joseph A Forrest,    9027 Groninger Valley Road,    Port Royal, PA 17082-7630
4993958        +Joseph Forrest,    9027 Groninger Valley Road,    Port Royal, PA 17082-7630
4993959        +Juniata Valley Bank,    Southwood Office Centre,    1366 South Atherton Street,
                 State College, PA 16801-6203
4993961        +Pennian Bank,    PO Box 96,    Mifflintown, PA 17059-0096
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4993953        +EDI: WFNNB.COM Feb 22 2018 19:13:00      Comenity Bank/BonTon,    PO Box 182789,
                 Columbus, OH 43218-2789
4993960         EDI: CBSKOHLS.COM Feb 22 2018 19:13:00      Kohls/Capital One,    PO Box 3115,
                 Milwaukee, WI 53201-3115
4993962        +EDI: RMSC.COM Feb 22 2018 19:13:00      Synchrony Bank/Lowes,    PO Box 965005,
                 Orlando, FL 32896-5005
                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 24, 2018                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 22, 2018 at the address(es) listed below:
              Markian R Slobodian    on behalf of Trustee Markian R Slobodian (Trustee) law.ms@usa.net
              Markian R Slobodian (Trustee)     PA49@ecfcbis.com
              Thomas I Puleo    on behalf of Creditor    United States Department of Agriculture
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              Vera N Kanova    on behalf of Debtor 1 James R Weller vnkanova@mette.com,
               smramsey@mette.com;r58230@notify.bestcase.com
              Vera N Kanova    on behalf of Debtor 2 Natalie S Weller vnkanova@mette.com,
               smramsey@mette.com;r58230@notify.bestcase.com
                                                                                              TOTAL: 6
```

Information to identify the case:

| | | |
|---|---|---|
| Debtor 1 | **James R Weller** | Social Security number or ITIN xxx–xx–4968 |
| | First Name  Middle Name  Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Natalie S Weller** | Social Security number or ITIN xxx–xx–0993 |
| | First Name  Middle Name  Last Name | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Middle District of Pennsylvania**

Case number:  **1:17–bk–04788–RNO**

# Order of Discharge   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

James R Weller

Natalie S Weller
fka Natalie S Saner

**By the court:**

*signature: Robt N. Opel II*

February 22, 2018

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**